IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| LAVONNE JOY TEALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:05-0173 |
| | ) |
| DEBORAH HICKEY, Warden, | ) |
| FPC Alderson, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241). (Document No. 1.)[1] Petitioner claims that "I was enhanced 2 points on my charge because they dropped the gun charge." Reading this statement liberally, the undersigned assumes that Petitioner is asserting that her sentence was enhanced in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), though Blakely and Booker were decided after Petitioner's sentence was affirmed on appeal.

Petitioner was charged by Indictment filed in October, 2001, in the United States District Court for the Eastern District of Tennessee with and pled guilty in December, 2001, to conspiring in violation of 21 U.S.C. § 846 to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841. United States v. Teall, Criminal No. 4:01-0056, Document Nos. 6 and 13. Petitioner was sentenced in May, 2002, to a 168 month term of imprisonment and a five year term

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of supervised release. Id., Document No. 15. Petitioner appealed her sentence, and the Sixth Circuit Court of Appeals affirmed. United States v. Teall, 200 Fed.Appx. 422 (6th Cir. 2004). Petitioner filed her Petition in this case on February 28, 2005. (Document No. 1.) Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in the Eastern District of Tennessee on January 9, 2006, asserting, among other things, entitlement to relief under Booker, and her Motion was denied on January 30, 2006, as untimely and not cognizable under Booker. United States v. Teall, Criminal No. 4:01-0056, Document Nos. 33 and 34; Teall v. United States, 2006 WL 228870 (E.D.Tenn.).[2]

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition

---

[2] Upon filing this Proposed Findings and Recommendation, the undersigned will left side file a copy of the Docket Sheet in *United States v. Teall*, Criminal No. 4:01-0056, in the United States District Court for the Eastern District of Tennessee; *United States v. Teall*, 200 Fed.Appx. 422 (6th Cir. 2004); and *Teall v. United States*, 2006 WL 228870 (E.D.Tenn.).

that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). Section 2255 proceedings must be initiated in the Court where sentencing occurred.

Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. When she filed her Petition in this case, she was not procedurally barred from proceeding under Section 2255 in the Eastern District of Tennessee where her sentence was imposed. In any event, she would not have recourse under Section 2241 even if she were procedurally barred from proceeding under Section 2255 in view of her claims in this matter. The United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Booker were based on and extended the rationale which the Court first announced in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). Blakely, decided on June 24, 2004, after the Sixth Circuit affirmed Petitioner's sentence (June 4, 2004), and Booker, decided in 2005, do not present cognizable grounds for claiming that Section 2255 is inadequate and seeking relief under Section 2241. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .." Additionally, the Fourth Circuit Court of Appeals has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.[3]

Date: January 15, 2008.

R. Clarke VanDervort
United States Magistrate Judge

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner is currently incarcerated at FCI Victorville Medium II and her address is Lavonne Joy Teall, #18385-074, FCI Victorville Medium II, Satellite Prison Camp, Post Office Box 5100, Adelanto, California 92301.